Contracts; disputes; delays; access to worksite; concurrent contractor; interest on withheld payments; jurisdiction of administrative board to grant counterclaim; hearsay evidence in administrative proceedings. — Plaintiff was awarded a contract by defendant to furnish and install a mechanical mail-handling system in a post-office building to be constructed by another contractor at Toledo, Ohio, and then leased by the owner to the Post Office Department. The contract required plaintiff to coordinate its work schedule with the construction schedule of the building contractor and to submit to defendant a work-completion schedule. Plaintiff did not begin work until approximately 3 months after a revised beginning date proposed by *452 plaintiff which defendant approved. After contract completion, plaintiff submitted several claims for monetary and other relief to the contracting officer which he denied in whole or in part. On appeal, the contract appeals board sustained the contracting officer’s determinations. In addition to contesting in this court the decisions of the board, plaintiff challenges the jurisdiction of the board to grant defendant’s counterclaim for damages resulting from plaintiffs failure to complete installation of certain equipment on time, on the ground that the counterclaim did not constitute a dispute under the contract, and arguing that the testimony of a Government official relied upon by the board was hearsay. On January 10, 1978 Trial Judge Mastín G. White filed a recommended decision (reported at 24 CCF para. 81,993) sustaining the board respecting most of the claims and reversing respecting other claims. On April 4,1978 the court, by order, adopted the recommended decision as the basis for its judgment in this case, the order reading in part as follows:
"it is therefore concluded and ordered as follows:
"The plaintiffs motion for summary judgment is allowed with respect to the plaintiffs claim for an additional 23-day time extension because of the extra time required for the performance of 20 field order changes, and with respect to the plaintiffs claim on behalf of its subcontractor, Lord Electric Company, for additional compensation in the amount of $2,043.50 because of extra costs incurred in the performance of field orders Nos. 31-34. The plaintiffs motion for summary judgment is denied as to the other claims asserted in the petition.
"The defendant’s cross-motion for summary judgment is partially allowed on its counterclaim to the extent of $55,888, and is allowed as to the plaintiffs claims with the exception of the additional 23-day time extension and the additional compensation of $2,043.50 for Lord Electric Company, the petition being dismissed as to all other claims.
"Judgment is entered for the defendant in the net amount of $53,844.50 in full settlement of all claims asserted by the parties in the petition and in the counterclaim.”